Per Cueiam.
 

 Upon an affidavit and petition of Butler, since the last term, one of the judges of this court granted a
 
 supersedeas
 
 to continue till the present term, against execution upon a decree made at the last term, of this court, in favor of Peyton against the two Butlers ;• and now at this term a bill supported by affidavits, offered to the court, stating that prior to the last term, when' the injunction obtained by Peyton was dissolved, and his property taken in execution to satisfy the judgment at law, which they had obtained against him, he, Peyton, conveyed to them in satisfaction of their demand, a tract of land of the value of $1,800 for that sum, and his note for the balance, and agreed to dismiss his suit in equity against them. In consequence of which agreement, and relying upon it that he would dismiss it, they did not come to court at the last term, and their attorney was absent, though represented by another attorney of this court, who undertook in general to attend to his business. That at the * last term, Peyton brought on this suit in equity to be heard, and produced witnesses on his side, and obtained a decree; the attorney who acted for the Butlers, not knowing of this agreement, nor of the cause of their absence.
 

 The first question is, can the Butlers be relieved, if this statement of theirs be true ? The second question is, in what form can that relief be administered ?
 

 
 *336
 
 If there be no precedent for relief in such a case, as alleged at the bar, it is time to make one. We do not go upon the second agreement, when the lands were conveyed, and the notes given for the balance; for it is possible, notwithstanding, that the court might be induced, in consideration of the frauds alleged in the original bill by Peyton, if proved, to act on the correction of these frauds, as. if the new contract had not been made, as it'was entered into under the pressure of an execution, and might be considered an advantage taken of a man’s distresses, to extort a contract which otherwise he could not have made ; of this we need not say anything decisively at present. What we go upon is, that the defendants have been thrown off their guard, and have been made to absent themselves, and what testimony they had also from the hearing, and the cause has been heard
 
 ex parte.
 
 The court has been drawn in to pass a decree, which upon full hearing perhaps, might have been otherwise. This is such an offense against the principles of justice, as ought not to be tolerated or acquiesced in. Relief ought to be afforded, if the facts stated be true. The case cited from H. Ch. P. 183, is a very similar one, as also 1 Vesey, 120.
 

 As to the form, a bill stating the facts, and which may be considered as an original bill, in the nature of a bill of review, is proper enough. Peyton may answer it, and go to proof; and if need be, for effectuating the purposes of justice, we may suspend the execution of the former decree till the further order of * this court; that in the mean time proofs may be adduced, and the complaint now stated be examined into. ' We can do so by the act of Assembly in case of a bill of review; why not also in case of another bill having the same object in view, and equally requiring a suspension in the eye of reason ? It is equally sanctioned by the principles of jurisprudence, which provides means for all its important ends, and must of necessity do so, or not be furnished with the aids indispensable to its attainment, and thus be disabled to do justice, except in cases where precedents are found to support them.
 

 Let the bill be filed as the complainants may think proper, and the execution of the former decree be suspended until further directions be given by this court, the Butlers first giving ample security, to be approved of by the court, or the clerk and master, to pay
 
 *337
 
 tbe former decree, which is now suspended, in case they should not be relieved therefrom on the final hearing.
 

 See King’s Digest, 9815, 9887.